**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PROJECT OPPORTUNITY**<br>12501 Hawthorne Blvd.<br>Hawthorne, California 90250<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>*Defendant.* | Civil Action No. 13-1587 |

**COMPLAINT FOR DECLARATORY RELIEF (EXEMPT ORGANIZATION)**

Project Opportunity, by and through its counsel, hereby petitions this Court for a Declaratory Judgment that it is a tax-exempt organization pursuant to Section 501(a) and (c)(3) of the Internal Revenue Code of 1986, as amended. This case arises under the Internal Revenue Code, 26 U.S.C. §7428 (a)(2) and (b)(2), which allows a party to request declaratory relief from a United States District Court after the Internal Revenue Service ("IRS") has failed to make a determination on its request for tax-exempt status within 270 days after receipt of its application. The Plaintiff respectfully requests that this Court determine that it is exempt from federal income taxation. Due to the fact that the IRS did not issue a timely notice of determination, the Government should bear the burden of proof in this determination pursuant to 26 U.S.C. §7491.

In support of its Complaint, the Plaintiff alleges as follows:

**I.      INTRODUCTION**

1.      This action arises out of the Defendant's inaction concerning the Plaintiff's application to the IRS for recognition as a tax-exempt organization pursuant to 26 U.S.C. §501(a) and (c)(3).

2.      The Plaintiff's application for tax-exempt status was filed with the IRS on or about August 30, 2012.  More than 270 days have elapsed since the Plaintiff's substantially completed Application was submitted to the IRS.  The IRS has neither requested further information nor has it made a determination.

**II.     JURISDICTION AND VENUE**

3.      This Court has jurisdiction pursuant to 26 U.S.C. §7428(b)(2) and 28 U.S.C. §2201 (Declaratory Judgment Act).

4.      This Court also has jurisdiction pursuant to 28 U.S.C. §1346(e) in that this is an action brought pursuant to 26 U.S.C. §7428.

5.      Plaintiff meets the qualifying preconditions for this Court to have jurisdiction in this matter in that: (a) relief is sought by the organization for which the qualification is at issue, §7428(b)(1); (b) the IRS has failed to make a timely determination with respect to the Plaintiff's initial qualification as an organization described in §501(c)(3); (c) Plaintiff has exhausted its administrative remedies, §7428(b)(2); and (d) the Plaintiff has taken, in a timely manner, all reasonable steps to secure such a determination. *id.*

6.      Venue is appropriate in this District Court under 26 U.S.C. §7428(a).  Venue is also appropriate in this District Court under 28 U.S.C. §1391(e)(2) because a substantial part of the events or omissions giving rise to the claims asserted occurred in this District.

7.      Defendant United States of America is a proper defendant pursuant to 26 U.S.C. §§7431(a)(1) and 1346(e).

### III.   THE PARTIES

8.      Plaintiff Project Opportunity is a not-for-profit corporation duly created in the State of California.

9.      The Defendant is the Untied States of America.

### IV.   FACTUAL ALLEGATIONS

10.     On or about May 14, 2012, the Plaintiff's Article of Incorporation were duly filed and thereafter approved by the Secretary of State for the State of California. On the same date, the Incorporator of the Plaintiff duly adopted bylaws for the corporation.

11.     The principal place of business for the Plaintiff is 12501 Hawthorne Blvd., Hawthorne, California 90250.

12.     On or about August 30, 2012, the Plaintiff filed with the IRS Form 1023, Application for Recognition of Exemption under §501(c)(3) of the Internal Revenue Code ("Application"). A true and accurate copy of the Application is appended hereto as Exhibit A.

13.     Since the date the application was received by the IRS, the Plaintiff has received no communications from it or any of its representatives.

14.     As set forth in the Application, the Plaintiff was organized as an informal program by members of the Hawthorne, California Police Department to gather toys, shoes, clothing, back-packs, and school supplies during the holiday season and distribute them to needy children

in the community. The Police Department solicited these in-kind contributions as well as cash contributions (to be used to purchase those items) from colleagues, family members, and businesses in the local community. The Police Department's annual charitable gift-giving has been an enormous success. The Police Department decided to formalize these activities in 2012 by conducting them through a public benefit corporation, later organized as Project Opportunity. The purpose of Project Opportunity is to coordinate the obtaining and distributing of toys, shoes, clothing, back-packs, school supplies and other aid to disadvantaged children; recruit and manage volunteers; and solicit tax-deductible contributions in cash and in-kind. Project Opportunity will work in concert with other charitable programs and government agencies in the area to fulfill the needs of disadvantaged children in the local area. Recipients will be identified in advance by established community and child service organizations. Families experiencing a sudden loss from earthquake, fire or other catastrophic event will also be aided by Project Opportunity. When possible, members of the local Police Department (occasionally accompanied by Santa Claus) will make a discreet and dignified special delivery to these deserving children.

15. The Project Opportunity Bylaws provide for seven authorized directors, five of whom are to be employees of the Hawthorne Police Department and the remaining two may not be employees of the Hawthorne Police Department. Project Opportunity will operate on an informal as-needed basis. No compensation will be paid or benefits provided for officers or directors, except for limited rights of indemnification under the California statute and the Bylaws.

16. The IRS has failed to make a determination with respect to the Application.

17.     Under 26 U.S.C. §7428(b)(2), the Plaintiff has, in a timely manner, taken all reasonable steps to secure a determination of its tax-exempt status.

18.     The Applications meets all of the requirements under the Internal Revenue Code and applicable regulations for a determination that the Plaintiff is entitled to tax-exempt status under §501(c)(3) of the Internal Revenue Code.

## V.     COUNT 1
### Declaratory Judgment pursuant to 26 U.S.C. §7428 and 28 U.S.C. §2201 of the Declaratory Judgment Act

19.     The Plaintiff re-alleges and incorporates by reference the proceeding paragraphs of his Complaint as though fully set forth herein.

20.     Under 26 U.S.C. §7428 of the Internal Revenue Code and 28 U.S.C. §2201 of the Declaratory Judgment Act, this Court is empowered to issue a declaratory judgment that the Plaintiff meets all of the initial qualifications of §501(c)(3) of the Internal Revenue Code.

21.     The Plaintiff meets all of the requirements and qualifications for it to be recognized as a tax-exempt not-for-profit charitable corporation under §501(c)(3) of the Internal Revenue Code.

22.     This Court should enter an Order declaring that the Plaintiff is exempt from federal income tax under §501(c)(3) Internal Revenue Code.

23.     The Plaintiff is entitled to the relief requested in that more than 270 days have elapsed since the filing of its Application.  The IRS has not issued a Notice of Determination with respect to the Application.  Due to the passage of this statutorily prescribed time frame, all

administrative remedies are deemed exhausted as a matter of law pursuant to 26 U.S.C. § 7428(b)(2).

24. Pursuant to 26 U.S.C. §7430(a) of the Internal Revenue Code, the Plaintiff is entitled to reasonable litigation costs incurred in connection with this proceeding.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the this Court:

1. Declare that the Plaintiff is exempt from federal income taxation under §501(a) of the Internal Revenue Code as an organization which meets the requirements of §501(c)(3) of the Internal Revenue Code; and

2. Award the Plaintiff's its reasonable litigation costs; and

3. Award such other relief as the Court deems just and proper.

Date:   October 17, 2013                                   Respectfully submitted,

/s/ Robert M. Adler
Robert M. Adler, D.C. Bar No. 62950
NOSSAMAN LLP
1666 K Street, N.W., Suite 500
Washington, DC  20006
Telephone:  (202) 887-1400
Facsimile:  (202) 466-3215
radler@nossaman.com
*Attorney for Plaintiff*